UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

THEON NEDRICK,

        Plaintiff,

v.

AUTO WAX OF SOUTH FLORIDA INC
D/B/A MALDONADO BROTHER'S,
JAVIER MALDONADO,

        Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, THEON NEDRICK, brings this action against Defendants, AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S and JAVIER MALDONADO, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff THEON NEDRICK was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Defendant, AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of autmobile cleaning and detailing services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

1

4.      Defendant, AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S, used tools, supplies, and equipment—including but not limited to degreaser, blades, gloves, wax, glass cleaner, paint thinner, compound, buffer, and vacuum cleaners—that traveled outside Florida.

5.      Defendant, JAVIER MALDONADO, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S; said Defendant acted and acts directly in the interests of Defendant, AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S, in relation to said co-Defendant's employees. Defendant effectively dominates AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JAVIER MALDONADO was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.      Defendants, AUTO WAX OF SOUTH FLORIDA INC D/B/A MALDONADO BROTHER'S and JAVIER MALDONADO, conduct car detailing services throughout South Florida that constitute a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7.       In justifiable reliance upon Defendants' representations and promises, Plaintiff THEON NEDRICK accepted employment and began working for Defendants as a cleaner and detailer.

8.      During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper overtime wages for all hours worked over 40 each week.

9.   During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper minimum wages for all hours worked each week.

10.   The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as <u>Exhibit A</u> to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

11.   Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

12.   Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

13.   Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

14.   Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-13 above as if set forth herein in full.

15.   Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

16.   Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

        Respectfully submitted,

        Koz Law, P.A.
        320 S.E. 9th Street
        Fort Lauderdale, Florida 33316
        Phone: (786) 924-9929
        Fax:    (786) 358-6071
        Email: ekoz@kozlawfirm.com

        */s/ Elliot A. Kozolchyk*
        _____
        Elliot Kozolchyk, Esquire
        Bar No.: 74791