## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between THEON NEDRICK ("Plaintiff") and JAVIER MALDONADO and AUTO WAX OF SOUTH FLORIDA, INC. (collectively referred to as the "Defendants"). As used in this Agreement, AUTO WAX OF SOUTH FLORIDA, INC. shall also include and any of its respective current and former parents, subsidiaries, and affiliates, and their respective current and former owners, directors, officers, agents, employees, representatives, successors and assigns, both in their representative and individual capacities. As used in this Agreement, THEON NEDRICK and JAVIER MALDONADO shall include their respective agents, representatives, heirs, executors, assigns, administrators, family members, related persons, assumed names, and attorneys, whether specifically mentioned hereafter or not.

## RECITALS

A. The Plaintiff filed a lawsuit against Defendants in the United States District Court for the Southern District of Florida, Case No. 15-cv-61163-MOORE/MCALILEY, seeking owed minimum wage and overtime pay pursuant to the Fair Labor Standards Act (FLSA).

B. Defendants deny all claims and allegations raised by the Plaintiff.

C. To avoid the uncertainties and expense of litigation, Plaintiff and Defendants wish to fully and finally settle this and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Plaintiff relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Plaintiff represents that he has no other charges, actions, or claims pending against Defendants, other than those set forth in this Agreement.

E. To that end, Plaintiff and Defendants agree as set forth below.

## AGREEMENT

1. **Consideration to Plaintiff**:

In consideration for Plaintiff's execution of this Agreement, Defendants will pay the total amount of Ten Thousand Dollars and no cents ($10,000.00), broken down as follows:

    a. A check in the amount of $2,500.00, payable to Theon Nedrick representing payment for Plaintiff's claim for economic damages. No withholdings shall be taken from this amount.



JM    AWSF        TN

  b. A check in the amount of $2,500.00, payable to Theon Nedrick representing payment for Plaintiff's claim for non-economic damages. No withholdings shall be taken from this amount.

  c. A check in the amount of $5,000.00, payable to Kozlaw, P.A., representing payment for Plaintiff's claim for attorney's fees and costs.

The payments above shall be delivered to Plaintiff's counsel within fifteen (15) days from the date when the Court approves the Settlement Agreement. IRS forms 1099 will be issued reflecting the payments above.

Plaintiff expressly stipulates that the consideration referred above constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement, and for the obligations imposed upon her under this Agreement. Plaintiff expressly agrees and acknowledges that Defendants have agreed to pay the consideration referred to in paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by the Plaintiff in this Agreement.

**2.** **Taxes**:

It is expressly understood and agreed by the Plaintiff that the Defendants do not represent or guarantee that taxes should not be paid on any portion of the settlement proceeds. The Plaintiff further acknowledges that it is his responsibility to make the necessary tax payments, if any, and agrees to indemnify and hold Defendants harmless with respect to any amounts which should have been paid by Plaintiff or his attorney.

**3.** **Release of all Claims**:

Plaintiff and Defendants voluntarily and irrevocably release and forever discharge each other from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to as the "Disputes") with respect to any alleged acts occurring before the execution of this Agreement. The Disputes released herein include, but are not limited to, any and all disputes regarding Plaintiff's employment with Defendants, and the termination of his employment with Defendants. The Disputes herein include those known or unknown, actual or contingent, in law, equity, or otherwise, whether based in tort, contract, statute, or any other basis.

This release includes all disputes by which a party could seek equitable relief, and actual, compensatory, consequential, punitive, special, multiple or other damages, expenses (including attorney's fees and costs), and all other reimbursements or charges of any kind, against any other party.

The Disputes released herein include any and all disputes arising under any federal, state, local, or foreign statute or regulation, including without limitation, those relating to the Fair Labor Standards Act (the "FLSA"), unfair or discriminatory employment practices (including



------ ------  
JM  AWSF                       TN

employment discrimination based on race, national origin, sex, sex harassment, religion, age, disability or handicap), the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the Florida Civil Rights Act, the federal Americans with Disabilities Act, the federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, Florida and federal statutes regarding "whistleblower" activities, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal and state employment-related statutes and regulations, any federal or state law prohibiting retaliation, and any other employment-related local ordinance.

The Disputes released herein also include any and all disputes the parties may believe to have against each other based in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the Disputes released herein. Plaintiff and Defendants intend that the Disputes released herein be construed as broadly as possible to cover any and all Disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants acknowledge that they may later discover facts in addition to, or different from those which they now know or believe to be true with respect to the subject matter of this Agreement. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement, that they assume the risk of any such difference in the facts, and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

4. **No Employment**:

Plaintiff agrees that he will not apply or re-apply for employment in the future with Defendants and that Defendants have no obligation, contractual or otherwise, to employe the Plaintiff in the future.

5. **No Admission of Liability or Wrongdoing**:

This Agreement does not constitute an admission by Defendants of any violation of any law or statute and Plaintiff acknowledges and agrees that neither this Agreement or the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

_TN_

---------    ---------                                                                ---------
  JM          AWSF                                                                       TN

6. **Confidentiality and Non-Disclosure**:

Plaintiff agrees that all matters relating to this Agreement are strictly confidential and that Plaintiff shall not disclose or disseminate any information concerning this Agreement to any third person(s) or entities. This prohibition does not prohibit disclosure regarding this Agreement under the following specific conditions: (i) Plaintiff may advise his attorneys, accountants, tax preparers, lenders, the IRS, or any other taxing authority that he has received money under this Agreement as a result of a litigation settlement; (ii) Plaintiff may disclose or disseminate information in conjunction with any judicial or administrative challenge by Plaintiff to the validity or enforceability of this Agreement; or (iii) if subpoenaed by a party to a lawsuit or ordered by a Court, Plaintiff may testify regarding this Agreement or may produce this Agreement provided that Plaintiff has given Defendants' counsel reasonable written notice to assert any objections prior to Plaintiff's testimony or document production. Plaintiff agrees to waive any objection to any request by Defendants that the document production or testimony be done *in camera* and under seal.

Plaintiff further agrees that if asked about the Litigation and/or the claims that he made in connection with his employment with Defendants, or the resolution of the Litigation and/or claims, he shall state no more than "the matter was resolved" or language of similar effect. In the event that Plaintiff breaches this confidentiality provision, Plaintiff agrees that Defendants shall be entitled to liquidated damages in the amount of $500.00 per proven breach. Plaintiff and Defendants agree that this $500.00 penalty is fair, reasonable, and necessary as the actual amount of such damages would be extremely difficult to determine. The prevailing party in any action to enforce confidentiality shall be entitled to attorneys' fees and costs from the non-prevailing party.

7. **Non-Disparagement and Incitement of Claims; Neutral Reference**:

Plaintiff and Defendants (i.e., Javier Maldonado and Bruce Maldonado) agree that they will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of each other. Plaintiff also agrees that he will not encourage or incite other current or former employees of Defendants to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Defendants.

Defendants, in turn, agree that, should Plaintiff desire an employment reference, he should direct any inquiring party to contact Bruce Maldonado who will provide a neutral employment reference consisting of confirming dates of service, compensation received, and positions held only.

8. **Plaintiff is Not the Prevailing Party**:

Plaintiff shall not be considered a prevailing party for any purpose.

9. **Joint Preparation**:

_____  _____                                                                                              \_TN\_
  JM          AWSF                                                                                                        TN

  Plaintiff and Defendant acknowledge that they have sought and received competent advice and counsel was necessary for them to form a full and complete understanding of their rights and obligations under this the Agreement. The language agreed to expresses Plaintiff and Defendants' mutual intent, and the resulting document must not, solely as a matter of judicial construction, be construed more severely against one of the parties than the other.

**10. Entire Agreement:**

  This Agreement contains the entire agreement and understanding between Plaintiff and Defendants with respect to any and all disputes or claims that Plaintiff has, or could have had, against Defendants as of the date this Agreement is executed, and supersedes all other agreements between Plaintiff and Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both the Plaintiff and the Defendants.

**11. Severability:**

  Should a court of competent jurisdiction declare any part of this Agreement to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

**12. Governing Law and Interpretation:**

  This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

  The prevailing party in any action brought to enforce the terms of this Agreement, shall be entitled to recover its reasonable attorney's fees and costs from the other party, resulting from such action.

**13. Counterparts:**

  This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument. Facsimile signatures shall be considered as valid signatures.



____   ____                   ____
JM AWSF                    TN

Page 5 of 6

**IN WITNESS WHEREOF**, the parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

THEON NEDRICK

_/s/ TN_

Date: 16-Sep-2015

JAVIER MALDONADO

_____

Date:_____

AUTO WAX OF SOUTH FLORIDA, INC.

_____

Date:_____
By:_____
Position:_____

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into by and between THEON NEDRICK ("Plaintiff") and JAVIER MALDONADO and AUTO WAX OF SOUTH FLORIDA, INC. (collectively referred to as the "Defendants"). As used in this Agreement, AUTO WAX OF SOUTH FLORIDA, INC. shall also include and any of its respective current and former parents, subsidiaries, and affiliates, and their respective current and former owners, directors, officers, agents, employees, representatives, successors and assigns, both in their representative and individual capacities. As used in this Agreement, THEON NEDRICK and JAVIER MALDONADO shall include their respective agents, representatives, heirs, executors, assigns, administrators, family members, related persons, assumed names, and attorneys, whether specifically mentioned hereafter or not.

## RECITALS

A.  The Plaintiff filed a lawsuit against Defendants in the United States District Court for the Southern District of Florida, Case No. 15-cv-61163-MOORE/MCALILEY, seeking owed minimum wage and overtime pay pursuant to the Fair Labor Standards Act (FLSA).

B.  Defendants deny all claims and allegations raised by the Plaintiff.

C.  To avoid the uncertainties and expense of litigation, Plaintiff and Defendants wish to fully and finally settle this and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of the Plaintiff relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Plaintiff represents that he has no other charges, actions, or claims pending against Defendants, other than those set forth in this Agreement.

E.  To that end, Plaintiff and Defendants agree as set forth below.

## AGREEMENT

1.  **Consideration to Plaintiff**:

In consideration for Plaintiff's execution of this Agreement, Defendants will pay the total amount of Ten Thousand Dollars and no cents ($10,000.00), broken down as follows:

a. A check in the amount of $2,500.00, payable to Theon Nedrick representing payment for Plaintiff's claim for economic damages. No withholdings shall be taken from this amount.

b. A check in the amount of $2,500.00, payable to Theon Nedrick representing payment for Plaintiff's claim for non-economic damages. No withholdings shall be taken from this amount.

c. A check in the amount of $5,000.00, payable to Kozlaw, P.A., representing payment for Plaintiff's claim for attorney's fees and costs.

The payments above shall be delivered to Plaintiff's counsel within fifteen (15) days from the date when the Court approves the Settlement Agreement. IRS forms 1099 will be issued reflecting the payments above.

Plaintiff expressly stipulates that the consideration referred above constitutes adequate and ample consideration for the rights and claims he is waiving under this Agreement, and for the obligations imposed upon her under this Agreement. Plaintiff expressly agrees and acknowledges that Defendants have agreed to pay the consideration referred to in paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by the Plaintiff in this Agreement.

2. **Taxes**:

It is expressly understood and agreed by the Plaintiff that the Defendants do not represent or guarantee that taxes should not be paid on any portion of the settlement proceeds. The Plaintiff further acknowledges that it is his responsibility to make the necessary tax payments, if any, and agrees to indemnify and hold Defendants harmless with respect to any amounts which should have been paid by Plaintiff or his attorney.

3. **Release of all Claims**:

Plaintiff and Defendants voluntarily and irrevocably release and forever discharge each other from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to as the "Disputes") with respect to any alleged acts occurring before the execution of this Agreement. The Disputes released herein include, but are not limited to, any and all disputes regarding Plaintiff's employment with Defendants, and the termination of his employment with Defendants. The Disputes herein include those known or unknown, actual or contingent, in law, equity, or otherwise, whether based in tort, contract, statute, or any other basis.

JM  AWSF                                                               TN

This release includes all disputes by which a party could seek equitable relief, and actual, compensatory, consequential, punitive, special, multiple or other damages, expenses (including attorney's fees and costs), and all other reimbursements or charges of any kind, against any other party.

The Disputes released herein include any and all disputes arising under any federal, state, local, or foreign statute or regulation, including without limitation, those relating to the Fair Labor Standards Act (the "FLSA"), unfair or discriminatory employment practices (including employment discrimination based on race, national origin, sex, sex harassment, religion, age, disability or handicap), the federal Civil Rights Acts of 1866, 1871, 1964 and 1991 (including Title VII), the Florida Civil Rights Act, the federal Americans with Disabilities Act, the federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the Florida Wage Discrimination Law, the Florida Wage and Hour laws, Florida and federal statutes regarding "whistleblower" activities, the federal Family and Medical Leave Act of 1993, the federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal and state employment-related statutes and regulations, any federal or state law prohibiting retaliation, and any other employment-related local ordinance.

The Disputes released herein also include any and all disputes the parties may believe to have against each other based in contract or at common law, including, but not limited to, breach of oral, written and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy, and constructive discharge, intentional and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage.

The reference herein to specific statutory, contract and common law claims is in no way intended to limit the Disputes released herein. Plaintiff and Defendants intend that the Disputes released herein be construed as broadly as possible to cover any and all Disputes they may have or believe to have against each other. In that regard, Plaintiff and Defendants acknowledge that they may later discover facts in addition to, or different from those which they now know or believe to be true with respect to the subject matter of this Agreement. Plaintiff and Defendants agree that any such difference in the facts shall not affect this Agreement, that they assume the risk of any such difference in the facts, and that they further agree that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts.

JM          AWSF                                                                          TN

4. **No Employment**:

Plaintiff agrees that he will not apply or re-apply for employment in the future with Defendants and that Defendants have no obligation, contractual or otherwise, to employe the Plaintiff in the future.

5. **No Admission of Liability or Wrongdoing**:

This Agreement does not constitute an admission by Defendants of any violation of any law or statute and Plaintiff acknowledges and agrees that neither this Agreement or the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

6. **Confidentiality and Non-Disclosure**:

Plaintiff agrees that all matters relating to this Agreement are strictly confidential and that Plaintiff shall not disclose or disseminate any information concerning this Agreement to any third person(s) or entities. This prohibition does not prohibit disclosure regarding this Agreement under the following specific conditions: (i) Plaintiff may advise his attorneys, accountants, tax preparers, lenders, the IRS, or any other taxing authority that he has received money under this Agreement as a result of a litigation settlement; (ii) Plaintiff may disclose or disseminate information in conjunction with any judicial or administrative challenge by Plaintiff to the validity or enforceability of this Agreement; or (iii) if subpoenaed by a party to a lawsuit or ordered by a Court, Plaintiff may testify regarding this Agreement or may produce this Agreement provided that Plaintiff has given Defendants' counsel reasonable written notice to assert any objections prior to Plaintiff's testimony or document production. Plaintiff agrees to waive any objection to any request by Defendants that the document production or testimony be done *in camera* and under seal.

Plaintiff further agrees that if asked about the Litigation and/or the claims that he made in connection with his employment with Defendants, or the resolution of the Litigation and/or claims, he shall state no more than "the matter was resolved" or language of similar effect. In the event that Plaintiff breaches this confidentiality provision, Plaintiff agrees that Defendants shall be entitled to liquidated damages in the amount of $500.00 per proven breach. Plaintiff and Defendants agree that this $500.00 penalty is fair, reasonable, and necessary as the actual amount of such damages would be extremely difficult to determine. The prevailing party in any action to enforce confidentiality shall be entitled to attorneys' fees and costs from the non-prevailing party.

_____ _____                                                                                                   _____
  JM     AWSF                                                                                                       TN

7. **Non-Disparagement and Incitement of Claims; Neutral Reference**:

Plaintiff and Defendants (i.e., Javier Maldonado and Bruce Maldonado) agree that they will not make or cause to be made any statements that disparage, are inimical to, or damage the reputation of each other. Plaintiff also agrees that he will not encourage or incite other current or former employees of Defendants to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Defendants.

Defendants, in turn, agree that, should Plaintiff desire an employment reference, he should direct any inquiring party to contact Bruce Maldonado who will provide a neutral employment reference consisting of confirming dates of service, compensation received, and positions held only.

8. **Plaintiff is Not the Prevailing Party**:

Plaintiff shall not be considered a prevailing party for any purpose.

9. **Joint Preparation**:

Plaintiff and Defendant acknowledge that they have sought and received competent advice and counsel was necessary for them to form a full and complete understanding of their rights and obligations under this the Agreement. The language agreed to expresses Plaintiff and Defendants' mutual intent, and the resulting document must not, solely as a matter of judicial construction, be construed more severely against one of the parties than the other.

10. **Entire Agreement**:

This Agreement contains the entire agreement and understanding between Plaintiff and Defendants with respect to any and all disputes or claims that Plaintiff has, or could have had, against Defendants as of the date this Agreement is executed, and supersedes all other agreements between Plaintiff and Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both the Plaintiff and the Defendants.

11. **Severability**:

Should a court of competent jurisdiction declare any part of this Agreement to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

JM   AWSF                                                                 TN

12. **Governing Law and Interpretation**:

This Agreement shall be governed and conformed in accordance with the laws of the State of Florida without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

The prevailing party in any action brought to enforce the terms of this Agreement, shall be entitled to recover its reasonable attorney's fees and costs from the other party, resulting from such action.

13. **Counterparts**:

This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original but all of which together will constitute one and the same instrument. Facsimile signatures shall be considered as valid signatures.

**IN WITNESS WHEREOF**, the parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

THEON NEDRICK                                   JAVIER MALDONADO

_____                  _____
Date:_____                  Date: 09-02-15

                                                AUTO WAX OF SOUTH
                                                FLORIDA, INC.

                                                _____
                                                Date: 09-02-15
                                                By: JAVIER Maldonado
                                                Position: OWNER

_____   _____                                                          _____
  JM       AWSF                                                              TN